FILED IN OPEN COURT
U.S.D.C. Atlanta

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUN 2 1 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>GERMAN MIGUEL SALGADO ARROYO,<br>   a.k.a. Sugar,<br>   a.k.a. Principe,<br>   a.k.a. Conquistador<br>   a.k.a. Triunfador,<br>   a.k.a. Tonelada,<br>   a.k.a. Gordo German,<br>   a.k.a. Gordo Gafas,<br>   a.k.a. German Pena Zamudio; | CRIMINAL INDICTMENT<br><br>NO. 1:16-CR-225<br><br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

## COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least as of December 2013, and continuing until on or about the date of this Indictment, in the Northern District of Georgia, Mexico, the Republic of Guatemala, the Republic of Colombia, the Republic of Ecuador, and elsewhere, the defendant,

GERMAN MIGUEL SALGADO ARROYO,
a.k.a. Sugar, a.k.a. Principe, a.k.a. Conquistador, a.k.a. Triunfador, a.k.a. Tonelada,
a.k.a. Gordo German, a.k.a. Gordo Gafas, a.k.a. German Pena Zamudio;

did knowingly, and intentionally combine, conspire, confederate, agree, and have a tacit understanding each other and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 959, that is to knowingly and intentionally

1

distribute a controlled substance, said conspiracy involving at least: five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that said substance would be unlawfully imported into the United States, all in violation of Title 21, United States Code, Sections 959(a)(1), 959(a)(2), 959(c), 960(a)(3), 960(b)(1)(B), and 963.

## COUNT TWO

Beginning on a date unknown to the Grand Jury, but at least as of December 2013, and continuing until on or about the date of this Indictment, in the Northern District of Georgia, Mexico, and elsewhere, the defendant,

GERMAN MIGUEL SALGADO ARROYO,
a.k.a. Sugar, a.k.a. Principe, a.k.a. Conquistador, a.k.a. Triunfador, a.k.a. Tonelada,
a.k.a. Gordo German, a.k.a. Gordo Gafas, a.k.a. German Pena Zamudio;

did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 as follows:

(a)   to conduct and attempt to conduct a financial transaction in and affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, and that while conducting and attempting to conduct such financial

transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity,

>   (1) to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity; and

>   (2) to avoid a transaction reporting requirement under Federal law; in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (ii); and,

(b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds and a monetary instrument, that is, United States currency, which was proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, from a place in the United States, to and through a place outside the United States, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part,

>   (1) to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity; and

>   (2) to avoid a transaction reporting requirement under Federal law; in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and (ii);

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE PROVISION

1.  Upon conviction of the controlled substance offenses alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

   a.  MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2.  Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the money laundering offense set forth in Count Two of this Indictment, the defendant shall forfeit to the United States the following property:

   a.  All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all

commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

      b.    MONEY JUDGMENT: A sum of money in United States currency equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

      3.    If, as a result of any act or omission of the defendant, any property subject to forfeiture:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty; the United States intends, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A ___True___ BILL

___/s/___
FOREPERSON

JOHN A. HORN
UNITED STATES ATTORNEY

___/s/ Laurel R. Boatright___

LAUREL R. BOATRIGHT
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 426939